UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

KIMBERLY S. ALDRICH, ET AL.                                        PLAINTIFFS


v.                                          CIVIL ACTION NO. 3:18-CV-701-JRW


INDIAN RIVER TRANSPORT CO., ET AL.                                 DEFENDANTS


## ORDER OF DISMISSAL WITH PREJUDICE

The Court **DENIES as moot** Indian River Transport Co. and Timothy Sheehan's summary judgment motion (DN 28).  The Court **DISMISSES** this case **with prejudice**.

## OPINION

The parties called the Court's case manager and said this case has settled.[1]  The Court ordered the parties to file a stipulation of dismissal with prejudice by February 21.[2]  The parties didn't file anything.  On March 24, the Court ordered the parties to file a stipulation of dismissal with prejudice by April 10.[3]  Again, the parties didn't file anything.

The Court is well within its discretion to dismiss this case for the parties' repeated disobedience of its orders.[4]  This is a "clear record of delay or contumacious conduct" warranting dismissal with prejudice.[5]

---

[1] DN 33.
[2] *Id.*
[3] DN 34.
[4] Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 16(f)(1)(C).
[5] *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

1

The Court considered giving notice that dismissal with prejudice was on the table, even though prior notice was unnecessary due to the parties' clear record of contumacious conduct.[6] But, giving notice would have been an exercise in futility.  The parties disobeyed 2 court orders. They have given no indication that they will suddenly obey a third, even if it did warn of the potential for dismissal with prejudice.

More than that, the parties told the Court they settled.  They have apparently moved on, even if they haven't filed the stipulation as the Court twice ordered them to do.  Dismissing this case with prejudice is appropriate, notwithstanding any lack of prior notice.

Justin R Walker, District Judge
United States District Court

April 21, 2020

---

[6] *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988) (prior notice is not required when the "derelict party has engaged in bad faith or contumacious conduct") (internal quotation marks omitted).